IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


REGINA PIERCE,                                    09-CV-712-BR

         Plaintiff,

                                                  OPINION AND ORDER
v.

MPM RESTAURANTS, LLC; and
POINT Z LLC,

         Defendants.


DANIEL R. WHITMORE
1711 W. Nickerson
Suite A
Seattle, WA 98119
(206) 329-8400

         Attorney for Plaintiff


**BROWN, Judge.**

     This matter comes before the Court on Plaintiff Regina

Pierce's Motion for Default Judgment (#22).  For the reasons that


1 - OPINION AND ORDER

follow, the Court **GRANTS** Plaintiff's Motion to the extent that Plaintiff seeks an Order of Default as to Defendant MPM Restaurants, LLC.  The Court sets an evidentiary hearing at 1:00 p.m. on July 23, 2010, to determine the amount of Plaintiff's damages.

Because this matter is between citizens of different States, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).


<u>BACKGROUND</u>

The following facts are taken from Plaintiff's Second Amended Complaint:

MPM owned a nightclub located at 424 S.W. Fourth Avenue, Portland, Oregon.  MPM contracted with Defendant Point Z to provide security at MPM's nightclub.

On January 1, 2009, Plaintiff was a customer at MPM's nightclub.  Plaintiff was physically assaulted and battered by unknown individuals.  Plaintiff's assault and battery was caused by, among other things, MPM's failure to have adequate security at the nightclub.

On June 22, 2009, Plaintiff filed a personal-injury action in this Court against MPM on the basis of diversity jurisdiction seeking damages of $950,000 for Plaintiff's current medical expenses, future medical expenses, lost wages, lost earning capacity, and future earnings.

2 - OPINION AND ORDER

On October 20, 2009, Plaintiff filed an Amended Complaint to add allegations related to her damages.

On December 10, 2009, Liem Mai filed an Answer to Plaintiff's Amended Complaint on behalf of MPM.

On December 11, 2009, the Court entered an Order in which it advised Mai and MPM that "a corporation may appear in the federal courts only through licensed counsel." *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993). The Court, therefore, ordered MPM to obtain counsel for purposes of representation in this matter and directed corporate counsel to file a Notice of Representation by February 1, 2010.

On April 1, 2010, Plaintiff filed a Status Report in which it advised the Court that Plaintiff took Mai's deposition on March 26, 2010, during which Mai reported MPM had not retained counsel.

On April 2, 2010, the Court held a status conference. MPM did not attend the conference.

On April 21, 2010, Plaintiff filed a Motion for Leave to file a Second Amended Complaint to add Defendant Point Z, LLC, as a defendant. The Court granted Plaintiff's Motion.

On May 13, 2010, Plaintiff filed a Second Amended Complaint against MPM and Point Z in which she alleges she was assaulted and battered due to MPM's failure to have adequate security and Point Z's failure to provide adequate security at MPM's

3 - OPINION AND ORDER

nightclub.  Plaintiff seeks $950,000 in damages against MPM and $950,000 in damages against Point Z.

On June 22, 2010, Plaintiff filed a Motion seeking an entry of default judgment against MPM for $900,000.

## STANDARDS

Federal Rule of Civil Procedure 55 provides in pertinent part:

> **(a)**  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>
> **(b)  Judgment.**  Judgment by default may be entered as follows:
>
>            * * *
>
> **(2)  By the Court.**  [T]he party entitled to a judgment by default shall apply to the court therefor. . . .  If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper.

## DISCUSSION

The Ninth Circuit has held "[w]ith respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint

regarding liability are deemed true." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002)(citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

"Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. 'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Glenn v. Cole*, No. CIV S-06-0151 FCD KJM P, 2010 WL 2303028, at *1 (E.D. Cal. June 7, 2010)(quoting *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). At its discretion, a court may hear "evidence on some or all of the allegations in the complaint, in addition to receiving evidence on damages." *Id*. (citing *Televideo*, 826 F.2d at 918). "'The hearing is not considered a trial, but is in the nature of an inquiry before a judge. . . . [T]he court, in its discretion, may require some proof of the facts that must be established in order to determine liability.'" *Id*. (quoting  Wright, Miller and Kane, 10A Fed. Prac. & Proc. Civ. § 2688 (3d ed.)).

Here the Court finds an order of default as to MPM is appropriate because MPM has failed to properly appear in this matter and Plaintiff's Second Amended Complaint makes sufficient allegations as to MPM's liability. In the exercise of its discretion, the Court will conduct an evidentiary hearing to

5 - OPINION AND ORDER

determine Plaintiff's damages.

## <u>CONCLUSION</u>

For these reasons, the Court **GRANTS** Plaintiff's Motion (#22) for Default Judgment to the extent that Plaintiff seeks an Order of Default as to Defendant MPM Restaurants, LLC, and the Court **DIRECTS** the Clerk of Court to enter such default of record.  The Court sets an evidentiary hearing at 1:00 p.m. on July 23, 2010, to determine the amount of Plaintiff's damages.

IT IS SO ORDERED.

DATED this 16th day of July, 2010.


/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


REGINA PIERCE,                                    09-CV-712-BR

       Plaintiff,
                                                  OPINION AND ORDER
v.

MPM RESTAURANTS, LLC; and
POINT Z LLC,

       Defendants.


DANIEL R. WHITMORE
1711 W. Nickerson
Suite A
Seattle, WA 98119
(206) 329-8400

       Attorney for Plaintiff


BROWN, Judge.

    This matter comes before the Court on Plaintiff Regina

Pierce's Motion for Default Judgment (#22).  For the reasons that

1 - OPINION AND ORDER

follow, the Court **GRANTS** Plaintiff's Motion to the extent that Plaintiff seeks an Order of Default as to Defendant MPM Restaurants, LLC.  The Court sets an evidentiary hearing at 1:00 p.m. on July 23, 2010, to determine the amount of Plaintiff's damages.

Because this matter is between citizens of different States, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).


<u>**BACKGROUND**</u>

The following facts are taken from Plaintiff's Second Amended Complaint:

MPM owned a nightclub located at 424 S.W. Fourth Avenue, Portland, Oregon.  MPM contracted with Defendant Point Z to provide security at MPM's nightclub.

On January 1, 2009, Plaintiff was a customer at MPM's nightclub.  Plaintiff was physically assaulted and battered by unknown individuals.  Plaintiff's assault and battery was caused by, among other things, MPM's failure to have adequate security at the nightclub.

On June 22, 2009, Plaintiff filed a personal-injury action in this Court against MPM on the basis of diversity jurisdiction seeking damages of $950,000 for Plaintiff's current medical expenses, future medical expenses, lost wages, lost earning capacity, and future earnings.

On October 20, 2009, Plaintiff filed an Amended Complaint to add allegations related to her damages.

On December 10, 2009, Liem Mai filed an Answer to Plaintiff's Amended Complaint on behalf of MPM.

On December 11, 2009, the Court entered an Order in which it advised Mai and MPM that "a corporation may appear in the federal courts only through licensed counsel." *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993). The Court, therefore, ordered MPM to obtain counsel for purposes of representation in this matter and directed corporate counsel to file a Notice of Representation by February 1, 2010.

On April 1, 2010, Plaintiff filed a Status Report in which it advised the Court that Plaintiff took Mai's deposition on March 26, 2010, during which Mai reported MPM had not retained counsel.

On April 2, 2010, the Court held a status conference. MPM did not attend the conference.

On April 21, 2010, Plaintiff filed a Motion for Leave to file a Second Amended Complaint to add Defendant Point Z, LLC, as a defendant. The Court granted Plaintiff's Motion.

On May 13, 2010, Plaintiff filed a Second Amended Complaint against MPM and Point Z in which she alleges she was assaulted and battered due to MPM's failure to have adequate security and Point Z's failure to provide adequate security at MPM's

3 - OPINION AND ORDER

nightclub.  Plaintiff seeks $950,000 in damages against MPM and $950,000 in damages against Point Z.

On June 22, 2010, Plaintiff filed a Motion seeking an entry of default judgment against MPM for $900,000.


## STANDARDS

Federal Rule of Civil Procedure 55 provides in pertinent part:

> **(a)**  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>
> **(b)  Judgment.**  Judgment by default may be entered as follows:
>
>          * * *
>
> **(2)  By the Court.**  [T]he party entitled to a judgment by default shall apply to the court therefor. . . .  If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper.


## DISCUSSION

The Ninth Circuit has held "[w]ith respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint

4 - OPINION AND ORDER

regarding liability are deemed true." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002)(citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

"Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. 'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Glenn v. Cole*, No. CIV S-06-0151 FCD KJM P, 2010 WL 2303028, at *1 (E.D. Cal. June 7, 2010)(quoting *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). At its discretion, a court may hear "evidence on some or all of the allegations in the complaint, in addition to receiving evidence on damages." *Id*. (citing *Televideo*, 826 F.2d at 918). "'The hearing is not considered a trial, but is in the nature of an inquiry before a judge. . . . [T]he court, in its discretion, may require some proof of the facts that must be established in order to determine liability.'" *Id*. (quoting Wright, Miller and Kane, 10A Fed. Prac. & Proc. Civ. § 2688 (3d ed.)).

Here the Court finds an order of default as to MPM is appropriate because MPM has failed to properly appear in this matter and Plaintiff's Second Amended Complaint makes sufficient allegations as to MPM's liability. In the exercise of its discretion, the Court will conduct an evidentiary hearing to

5 - OPINION AND ORDER

determine Plaintiff's damages.

<u>**CONCLUSION**</u>

For these reasons, the Court **GRANTS** Plaintiff's Motion (#22) for Default Judgment to the extent that Plaintiff seeks an Order of Default as to Defendant MPM Restaurants, LLC, and the Court **DIRECTS** the Clerk of Court to enter such default of record. The Court sets an evidentiary hearing at 1:00 p.m. on July 23, 2010, to determine the amount of Plaintiff's damages.

IT IS SO ORDERED.

DATED this 16th day of July, 2010.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District

6 - OPINION AND ORDER